

U.S. Department of Justice
Civil Division

Tel: 202-305-8648

April 8, 2025

Nwamaka Anowi, Clerk
United States Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, VA 23219

RE: *Maryland v. USDA*, No. 25-1248 (L)

Dear Ms. Anowi:

    The government respectfully writes to inform the Court of the Supreme Court's decision in *OPM et al. v. AFGE, et. al.*, No. 24A904 (U.S. Apr. 8, 2025). As the government has explained, *see* Mot. for Stay Pending Appeal 12 n.3 (Apr. 4, 2025), the *AFGE* litigation involves a preliminary injunction issued by the Northern District of California requiring the government to reinstate probationary employees at the Departments of Veterans Affairs, Agriculture, Defense, Energy, Interior, and Treasury. The Ninth Circuit denied a stay pending appeal, and the government sought a stay from the Supreme Court.

    Earlier today, the Supreme Court granted the government's stay application, holding that the plaintiffs on whose claims the district court had based preliminary injunctive relief had failed to demonstrate standing. A copy of the Supreme Court's order is attached.

Sincerely,

/s/ *Steven A. Myers*
Steven A. Myers

cc: all counsel (by ECF)

(ORDER LIST: 604 U.S.)

TUESDAY, APRIL 8, 2025

### ORDER IN PENDING CASE

24A904     OPM, ET AL. V. AFGE, ET AL.

The application for stay presented to Justice Kagan and by her referred to the Court is granted. The March 13, 2025 preliminary injunction entered by the United States District Court for the Northern District of California, case No. 3:25-cv-1780, is stayed pending the disposition of the appeal in the United States Court of Appeals for the Ninth Circuit and disposition of a petition for a writ of certiorari, if such a writ is timely sought. Should certiorari be denied, this stay shall terminate automatically. In the event certiorari is granted, the stay shall terminate upon the sending down of the judgment of this Court.

The District Court's injunction was based solely on the allegations of the nine non-profit-organization plaintiffs in this case. But under established law, those allegations are presently insufficient to support the organizations' standing. See, *e.g.*, *Clapper* v. *Amnesty Int'l USA*, 568 U. S. 398 (2013). This order does not address the claims of the other plaintiffs, which did not form the basis of the District Court's preliminary injunction.

Justice Sotomayor would deny the application.

Justice Jackson would have declined to reach the standing question in the context of an application for emergency relief

where the issue is pending in the lower courts and the applicants have not demonstrated urgency in the form of interim irreparable harm.  See *Department of Education* v. *California*, 604 U. S. ___, ___ (2025) (Jackson, J., dissenting) (slip op., at 1–2).  Thus, she would have denied the application.